RECEIVED
SDNY PRO SE OFFICE
2015 AUG -5 P 3: 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA MARSHALL
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

1. CITY OF NEW YORK (N.Y.C. DEPARTMENT OF CORRECTIONS)
2. JOSEPH PONTE, COMMISSIONER OF N.Y.C. D.O.C.
3. V. VAZQUEZ, WARDEN OF THE ERIC M. TAYLOR CENTER (E.M.T.C. ALSO KNOWN AS C-76)
4. ALL DEPUTY WARDENS OF SECURITY AT THE ERIC M. TAYLOR CENTER/C-76 (PHIPPS AND OTHERS)
5. ALL CAPTAINS OF SECURITY AT THE ERIC M. TAYLOR CENTER. (CHRISTOPHER, CORCHADO AND GUTMAN)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*
PREPARED BY JAMES ROBINSON

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes  ☐ No
(check one)

**15CV6170**

### I.   Parties in this complaint:

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  Joshua Marshall
             ID #  4411502810
             Current Institution  Eric M. Taylor Center
             Address  10 - 10 Hazen Street
             East Elmhurst, New York 11370

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name CITY OF NEW YORK (N.Y.C. DEPARTMENT OF CORRECTIONS)
Where Currently Employed NEW YORK CITY (NUMEROUS LOCATIONS)
Address 75-20 ASTORIA BLVD.
EAST ELMHURST, NEW YORK 11370

Defendant No. 2   Name JOSEPH PONTE                                Shield # COMMISSIONER
Where Currently Employed NEW YORK CITY DEPARTMENT OF CORRECTIONS
Address 75-20 ASTORIA BLVD.
EAST ELMHURST, NEW YORK 11370

Defendant No. 3   Name V. VAZQUEZ                                Shield # WARDEN
Where Currently Employed ERIC M. TAYLOR CENTER / C-76
Address 10-10 HAZEN STREET
EAST ELMHURST, NEW YORK 11370

Defendant No. 4   Name ALL DEPUTY WARDENS OF SECURITY (PHIPPS AND OTHERS) Shield #
Where Currently Employed ERIC M. TAYLOR CENTER
Address 10-10 HAZEN STREET
EAST ELMHURST, NEW YORK 11370

Defendant No. 5   Name ALL CAPTAINS OF SECURITY (CHRISTOPHER, ORCHADO & GUTMAN)
Where Currently Employed ERIC M. TAYLOR CENTER
Address 10-10 HAZEN STREET
EAST ELMHURST, NEW YORK 11370

## II.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur? THE ERIC M. TAYLOR CENTER, (HEREIN AFTER E.M.T.C AND/OR C-76)

B.   Where in the institution did the events giving rise to your claim(s) occur?
EMTC - C76   5 UPPER

C.   What date and approximate time did the events giving rise to your claim(s) occur?
JUNE 8, 2015

D.  Facts: This petitioner has been housed in an illegally constituted "S.R.G." housing unit within the confines of the Eric M. Taylor Center in the violation of this prisoner's rights, constitutionally protected rights (U.S. Constitution and N.Y.S. Constitution) which this petitioner has not waived nor has this petitioner consented to the waiver of these rights, in any manner. There is a classification system that is stated in the Minimum Standards of the New York City Department of Corrections which has been intentionally violated and altered for the sole purpose of housing prisoners in "S.R.G." housing units and in doing so have placed myself and correction staff along with other prisoners at risk. The security levels for housing units are based on a number system that indicates what level of security is placed on the prisoners therein as it relates to the monitoring of those prisoners. Each (level) classification Minimum/Medium/High is housed separately from each other, and each prisoner is initially classified and then reclassified (time permitting) in accordance to the classification system. The S.R.G. housing units all have a 0-12 classification level, but this is only in the Eric M. Taylor Center, in violation of the classification system which is as follows; 0-6 Minimum, 7-12 Medium and 13 or more is Maximum. Violating this system thus violates my rights. (See Initial Classification Form 4100-A) Here at the E.M.T.C./C-76 they're housing prisoners in these "S.R.G." units by changing the classification level and grouping two separate security levels together. (See Classification Sheet issued at E.M.T.C. and posted herein)

(Continued on Fact D.1)

III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Anxiety, elevated stress levels, harassment, violation of prisoner rights, descrimination, deliberate indifference, failure to act, violation of sections 1-01, 1-02 and 1-09 of the Minimum Standards of the New York City Department of Corrections, violations of constitutionally-protected rights (of both U.S. Constitution and N.Y.S. Constitution), corruption by governmental employee(s), violation of personal safety of prisoners and staff by use of illegal policies, contempt of court by violation/disregard of ruling and order of Southern District (S.D.N.Y.) as related to descriminatory housing of prisoners, violation of laws mandating sentenced prisoners to work, prevations and corporal punishment, impermissable punishment.

IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes ✓   No ___

Facts D-I

S.R.G. means Security Risk Group. (I.C.R., Red I.D. & Gang Affiliation)
This illegal classification and housing of prisoners has been a policy and practise of the Wardens of E.M.T.C./C-76 (or consented to by their knowledge there of, without change or correction) and lower level employees for years. When Governmental Employees knowingly and intentionally break the law they are committing the crime of Corruption.

By order of the United States District Court, Southern District of New York (S.D.N.Y.) the New York City Department of Corrections had created Minimum Standards that must be adhered to securing the rights of Prisoners in their custody and intentionally disregarding these Minimum Standards and, thus, the Order of the Court the Defendants are guilty of Criminal Contempt and/or Contempt of Court. This is not the first time that the Defendants have been made aware of their collective illegal actions. They have all shown Deliberate Indifference and Failure to Act.

New York State Law mandates that sentenced Prisoners "must be made to work." Here at E.M.T.C. the Defendants have intentionally and deliberately disregarded and have broken the law of the State of New York, which they have sworn to uphold in the performance of their official Duty. This too is a form of Governmental Corruption.

In these illegal "S.R.G." Units group prisoners in one dorm illegally and then deny them access to numerous programs and work watch raises tensions in the Prisoners and have higher levels of Violence. These Units and Prisoners therein become targeted for more frequent "Institutional Searches" as well as "Special Searches" than what is normally conducted in Non-S.R.G. Housing Units. This is by intent and by design. This has therefore placed me in a Volatile Environment.

FACTS D-II

This is a form of Impermissable Punishment and thus is a violation of my Constitutionally Protected Rights (U.S. Constitution and N.Y.S. Constitution) which I have not waived nor have I given consent to the waiver of my Constitutionally Protected Rights.

All of the Defendants are aware of the Practices and Policies that form the basis of this claim through reports and notices issued using the Chain of Command system where lower ranking Officers/Employees report to their commanding officers and/or Orders/Practices and Policies being filtered down to lower ranking Officers/Employees from Commanding Officers/Employees, and all being Employees being representative Governmental Employees of the City of New York, thereby making all of the Defendants liable in this claim.

Also, I addition to the general makeup of the S.R.G. Housing Units being that of prisoners that conform to one or more S.R.G. Categories, which are;

I.C.R. - Inmate Contraband Recipient;

Red I.D. - Inmates Found With Weapons; and

Gang Affiliation - Gang Members,

The S.R.G. Housing Units are used to place "Problem Prisoners", Prisoners that have been involved in fights, have received an infraction or have given an Officer a Problem in another Housing Unit without placing that Prisoner in Punitive Segregation and therefore placement herein is a form of Impermissable Punishment.

This was the classification system employed by N.Y.C.D.O.C. until the system was revised to the 0—6, 7—12, 13 and up as shown on the Initial Classification Form.

# CLASSIFICATION

## LOW     0-5

## LOW – MEDIUM
## 6-10

## MEDIUM HIGH
## 11-16

## HIGH     17 PLUS

This is the system being used here at E.M.T.C./C-76. 0-12 is inclusive of 2 separate security levels in order have the S.R.G. Housing Units. E.M.T.C. used to have 2 separate reception houses (low and medium) and eliminated one of them to house parole violators. 0-12 is suitable for a reception housing unit for a few days to properly house prisoners in general population after these prisoners have been cleared.

## Classification

**Low**          **0 – 6**

**Med.**         **0 – 12**

**High**         ▮**13 +**

# CORRECTION DEPARTMENT
# CITY OF NEW YORK

## INITIAL CLASSIFICATION FORM

Form: 4100A
Rev.: 03/17/12
Ref.: Dir. #4100R-C

Please Check ( ✓ ) Only One:  ☐ Initial Classification    ☐ Updated Initial Classification

Inmate's Last Name: _____  First Name: _____  M.I.: ____  Date: ____

Book & Case #: _____        NYSID #: _____

Classifying Officer's Initials _____ and Shield No. _____

| Indicator | I dispute the indicator(s) that I have checked below (Check Box) | High Charge | Score |
|---|---|---|---|
| 1) Severity of Current Charge/Offense:<br>Greatest (7)   High (5)   Moderate (3)   Low (1) | ☐ | | |
| 2) Severity of Prior Convictions within 7 Years:<br>Greatest (7)   High (5)   Moderate (3)   Low (1)   None (0) | ☐ | | |
| 3) Prior Felony Convictions within 7 Years:<br>None (0)   One (1)   Two+ (2) | ☐ | | |
| 4) History of Escape:<br>< 7 Years  Serious (7)  Minor (4)   > 7 Years (5) (3)   None (0) (0) | ☐ | | |
| 5) Prior Arrests Within 7 Years - Misdemeanor and Felonies Only<br>None (-2)   One or More (0) | ☐ | | |
| 6) Institutional Conduct within 7 Years:<br>None (0)  Weapon Poss (3)  Minor Violence (5)  Serious Violence (7) | ☐ | | |
| 7) Current Age:<br><25 (2)   25-35 (1)   36-45 (0)   46+ (-2) | ☐ | | |
| 8) Current Security Risk Group Membership:<br>None (0)   Validated Security Risk Group Member (2) | ☐ | | |

**Initial Classification Custody Level Score (Items 1-8)**          Total Points _____

### Scored Custody Level

13 or more points      ☐ MAXIMUM
7 to 12 points         ☐ MEDIUM
6 or fewer points      ☐ MINIMUM

### Overrides (Check all that apply)

| Non-discretionary - Min Custody Restricted | Discretionary Override - Higher Custody | Discretionary Override - Lower Custody |
|---|---|---|
| ☐ Felony Detainer or Warrant<br>☐ State Ready<br>☐ State Prisoner<br>☐ Homicide (Current Charge or Prior Conv.)<br>☐ Kidnapping (Current Charge or Prior Conv.)<br>☐ Felony Sex Offender (Current Charge or Prior Conv.)<br>☐ Escape Threat (Current Charge or Prior Conv.)<br>☐ Security Risk Group Member | ☐ Known Management Problem<br>☐ Current Escape Threat<br>☐ Serious Violence Threat<br>☐ Prior Arrest Record More Severe than Scored<br>☐ Current Offense More Severe than Score<br>☐ Current Mental Health Status<br>☐ Contraband Visit<br>☐ High Bail Amount ≥ $100K / Remand | ☐ Prior Good Institutional Conduct<br>☐ Isolated Prior Institutional Misconduct<br>☐ Current Offense Not As Serious as Scored<br>☐ Prior Conviction Record Less Severe than Scored |

### Custody Level

☐ Maximum

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

   Yes ✓   No ___   Do Not Know ___

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

   Yes ___   No ___   Do Not Know ✓

   If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

   Yes ✓   No ___

   If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

   Yes ___   No ___

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? E.M.T.C

   1. Which claim(s) in this complaint did you grieve? Illegal S.R.G Housing Units

   2. What was the result, if any? None

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. No decision to appeal.

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _____

   2. If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: _____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I wrote letter to Capt. concerning S.R.G Status. I was then moved to S.R.G Housing Unit

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I AM SEEKING THE AMOUNT OF $100,000.00 (ONE HUNDRED THOUSAND DOLLARS OF U.S. CURRENCY) FOR ALL OF THE REASONS SET FORTH IN THE "INJURIES" SECTION OF THIS CLAIM, AS WELL AS ANY AND ALL OTHER VIOLATIONS THAT MAY OCCUR BY THE ACTIONS AND/OR INACTIONS OF THE DEFENDANTS THAT ARE ALSO REVEALED IN THE FACTS SECTION OF THIS CLAIM. IN ADDITION TO THIS AMOUNT THIS PLAINTIFF SEEKS AN ADDITIONAL AMOUNT OF $152.00 PER WEEK (TOP PAY KNOWN TO BE EARNED BY PRISONERS EMPLOYED INSTITUTIONALLY BY THE NEW YORK CITY DEPARTMENT OF CORRECTIONS) FOR AN 8 MONTH PERIOD TOTALING $4,480.00 WHICH I COULD'VE EARNED DURING AN 8 MONTH PERIOD IF THIS CLAIMANT WAS NOT ILLEGALLY KEPT FROM WORKING AS A SENTENCED PRISONER, AND BY LAW SENTENCED PRISONERS MUST BE MADE TO WORK...AND PAID FOR SAID WORK.

VI. **Previous lawsuits:**

[On these claims]

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ✔

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition _____
7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

[On other claims]

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ____ No ✔

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____
4. Name of Judge assigned to your case _____
5. Approximate date of filing lawsuit _____
6. Is the case still pending? Yes ____ No ____
   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) ~~~~~~~~~~~~

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5 day of August, 2015.

Signature of Plaintiff X Joshua Marshall

Inmate Number 441 1502810

Institution Address Eric M. Taylor Center / C-76
10—10 Hazen Street
East Elmhurst, New York 11370

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 5 day of August, 2015, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: X Joshua Marshall

Rev. 05/2007

7

Attachment B

Form: # 7101R, Eff.: 09/10/13. Ref.: Dir. #3376 - page 1 

City of New York - Department of Correction

# INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| Joshua Marshall | 441-150-2810 | | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| EMTC (C-76) | 5 Upper | 06.08.15 | 06.12.15 |

**Request or Grievance:**

Since April 8, 2015, I've been housed at EMTC - C76. I worked until June 5, 2015 when 11 lower steady informed me I'm not allowed to leave her housing area due to being S.R.G. on June 8, I was then moved to a S.R.G. Housing unit where movement is completely contained. So I'm no longer allowed to work at all.

**Action Requested by Inmate**

Cancel the use of SRG housing. Place people under the D.O.C classification guidelines. Allow me employment in which every sentence inmate is should be granted. I request action in 5 days also a copy of grievance

Please read below and check the correct box:

Do you agree to have your statement edited for clarification by IGRP staff?   ☐ Yes   ☐ No
Do you need the IGRP staff to write the grievance or request for you?   ☐ Yes   ☐ No
Have you filed this grievance or request with a court or other agency?   ☐ Yes   ☐ No
Did you require the assistance of an interpreter?   ☐ Yes   ☐ No

Inmate's Signature: _____   Date of Signature: 06-12-15

**For DOC Official Use Only**
IGRP RETAINS THE DOUBLE SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |

Attachment B

Form: # 7101R, Eff.: 09/10/12, Ref.: Dir. #3376 - page 2

City of New York - Department of Correction

# INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.

Joshua Marshall 414.150.2810
10.10 Hazen St
East Elmhurst, New York 11370

USMS SDNY

RECEIVED
2015 AUG 5
PRO SE OFFICE

United States District Court
Southern District of New York
500 Pearl Street
Pro Se Office
New York, New York 10007